**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Giovanni-Francesco Picchi,

|  |  |
|---|---|
| *Plaintiff*, | Case No.: |
| *- against -* | **Jury Trial Demanded** |
| Tartuflanghe USA Corp., Paolo Montanaro, and | **COMPLAINT** |
| Stefania Montanaro, | |
| *Defendants*. | |

------------------------------------------------------------X

Plaintiff Giovanni-Francesco Picchi ("Plaintiff" or "Picchi"), by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., brings this complaint against Defendants Tartuflanghe USA Corp., (the "Corporate Defendant"), Paolo Montanaro, and Stefania Montanaro (together, the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.     Plaintiff worked as a non-exempt manager and general worker for Defendants from April September 2021. Throughout his employment Defendants misclassified Plaintiff as a salaried employee, and failed to pay him legally required overtime wages, even though Plaintiff regularly worked over forty hours per workweek.

2.     Plaintiff brings this lawsuit seeking recovery against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

3.     Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime

wages, minimum wages, spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF GIOVANNI-FRANCESCO PICCHI**

7.      Plaintiff Picchi is a resident of New York, New York.

8.      Plaintiff Picchi was employed as a manager and general worker at Defendants' specialty food company known as "Tartuflanghe" from on or around April 9, 2021.

9.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT TARTUFLANGHE USA CORP.**

10.     Upon information and belief, Defendant Tartuflanghe USA Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 1030 Salem Road, Union, NJ 07083, and

an alternate address at 109 Port Jersey Blvd., Jersey City, NJ 07305.

11.     At all times relevant to this Complaint, Defendant Tartuflanghe USA Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Tartuflanghe USA Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Tartuflanghe USA Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14.     Defendant Tartuflanghe USA Corp. possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

15.     Defendant Tartuflanghe USA Corp. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT PAOLO MONTANARO**

16.     Defendant Paolo Montanaro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

17.     Defendant Paolo Montanaro is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

3

18.     Defendant Paolo Montanaro possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

19.     Defendant Paolo Montanaro determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20.     At all times relevant to this Complaint, Defendant Paolo Montanaro was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT STEFANIA MONTANARO**

21.     Defendant Stefania Montanaro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.     Defendant Stefania Montanaro is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

23.     Defendant Stefania Montanaro possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

24.     Defendant Stefania Montanaro determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.     At all times relevant to this Complaint, Defendant Stefania Montanaro was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

26.      Defendants own, operate and/or control Tartuflanghe.

4

27.     The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

28.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

30.     Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff.

32.      Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.      defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendant for their own benefit as the majority shareholders;

e.      operating the Corporate Defendant for their own benefit and maintaining control

over it as a closed corporations or a closely controlled entity;

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect their

own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

33.      At all relevant times, Defendants were Plaintiff's employers within the meaning of

the FLSA and NYLL.

34.      Defendants had the power to hire and fire Plaintiff, control the terms and

conditions of employment, and determine the rate and method of any compensation in exchange

for Plaintiff's services.

## FACTUAL ALLEGATIONS

35.      Plaintiff was an employee of Defendants.

36.      Plaintiff was employed as a manager and general worker at Tartuflanghe.

37.      From approximately April 2021, Plaintiff worked five (5) days per week, from

8:00 a.m. to 8:00 p.m. (*i.e.,* 12 hours per day), for a total period of approximately 60 hours during

each of the weeks, respectively.

38.      As a manager and general worker, Plaintiff's responsibilities included, *inter alia*:

traveling to and from Defendants' warehouse, responding to emails, answering phone calls,

fulfilling orders, liaising with Defendants' warehouse staff, packing orders, shipping orders.

39.      Although Defendants' office hours were typically from 8:00 a.m. to 6:00 p.m.,

daily, Plaintiff was required to, and did in fact, work after hours.

40.      Plaintiff's after hours work typically included responding to emails, answering

phone calls, and generally being available "on-call" as-needed.

41.     From approximately April 9, 2021 through and including June 2021, Defendants paid Plaintiff a flat salary of $1,780 bi-weekly.

42.     From approximately July 2021 through and including December 2021, Defendants paid Plaintiff a flat salary of $1,996 bi-weekly.

43.     From approximately January 2021, Defendants paid Plaintiff a flat salary of $2,006 bi-weekly.

44.     Defendants' historic policy and practice was to pay Plaintiff a flat salary, regardless of how many additional hours he worked in a week.

45.     Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

46.     At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

47.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

48.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

50.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

51.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

53.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

54.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

55.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

56.     At all relevant times to this action, Plaintiff is a covered, non-exempt employees within the meaning of the FLSA.

57.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

58.     Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

59.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

60.     Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

61.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62.     Defendants willfully and intentionally failed to compensate Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

63.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

64.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

65.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

66.     Plaintiff is a covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

67.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

68.     Defendants failed to pay Plaintiff the overtime wages to which they he is entitled under the NYLL.

69.     Defendants willfully violated the NYLL by knowingly and intentionally failing to

pay Plaintiff overtime wages.

70.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

71.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

73.    By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

74.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

75.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

77.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time

of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

78.    Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

79.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

80.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

81.    As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a.     declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

c.     declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

d.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

e.     awarding Plaintiff unpaid minimum wages;

f.     awarding Plaintiff unpaid overtime wages;

g.     awarding Plaintiff unpaid spread-of-hours pay;

h.     awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

i.     awarding unpaid wages under the NYLL and the New York State contract law;

j.     awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

k.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

l.     awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m.     Such other relief as this Court deems just and proper.

Dated: New York, New York
      May 3, 2022                      Respectfully submitted,

                                      By: /s/ Joshua Levin-Epstein
                                          Joshua Levin-Epstein
                                          Jason Mizrahi
                                          Levin-Epstein & Associates, P.C.
                                          60 East 42nd Street, Suite 4700
                                          New York, New York 10165
                                          Tel: (212) 792-0046
                                          Email: Joshua@levinepstein.com
                                          *Attorneys for Plaintiff*